UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAUN RUSHING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00200-SRC |
| | ) |
| CAPE GIRARDEAU COUNTY | ) |
| SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Plaintiff Shaun Rushing sued the Cape Girardeau County Sheriff's Department.  Doc. 1.  Now, Rushing moves for leave to proceed without prepayment of the required filing fee, doc. 2, and for the appointment of counsel, doc. 3.  After considering the financial information provided with the motion, the Court finds Rushing is financially unable to pay any portion of the filing fee.  As a result, the Court grants Rushing leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Additionally, for the reasons discussed below, the Court gives Rushing the opportunity to file an amended complaint, and the Court denies Rushing's motion to appoint counsel.

**I.  Background**

Rushing filed this action on the Court's "Civil Complaint" form against the Cape Girardeau County Sheriff's Office.  Doc. 1 at 2.  Rushing indicates he is bringing this action based on "Diverse of Gover[n]ment," "Right to Freedom," and "Right to Live."  *Id.* at 3.  His Statement of Claim alleges the following in its entirety:

---

[1] Because Rushing does not appear to be currently incarcerated, and a review of his application shows that he is a pauper, the Court will not assess a filing fee in this action.  *See e.g.*, *Cissell v. Windham*, No. 1:19-CV-120 PLC, 2020 WL 1083641, at *1 (E.D. Mo. Mar. 6, 2020).

> I was wrong [sic] handcuffed and wrestiled [sic]
> And, shot with a stun gun teezer [sic]
> High voltage
> wrongfully Arrested
> wrongfully shot teezered [sic]
> In human [sic] Treatment
> And more than 72 hours holding without frist [sic] appearance

*Id.* at 5.  Based on these allegations, it appears Rushing is attempting to bring a civil rights action pursuant to 42 U.S.C. § 1983.  For relief, Rushing seeks monetary damages and a neck and knee brace.  *Id.*

**II.     Insufficiency of complaint**

    **A.  Legal standard on initial review**

Federal law requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must construe it liberally.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction"

2

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording self-represented complaints the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### B. Discussion

The Court should dismiss Rushing's claims against the Cape Girardeau County Sheriff's Department because section 1983 does not allow suits against municipal departments, such as local sheriff's departments. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (stating that departments or subdivisions of local government are "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Additionally, Rushing has failed to name the individuals who allegedly wrongly arrested him and applied excessive force. Because the sheriff's department is not a suable entity and Rushing fails to link any of his allegations regarding violations of his

3

constitutional rights to a specific defendant, the complaint both is legally frivolous and fails to state a claim upon which relief can be granted.

Considering Rushing's self-represented status, the Court will give him the opportunity to submit an amended complaint.  The Court warns Rushing that the filing of an amended complaint replaces the original complaint, and so it must include all claims he wishes to bring. *E.g.*, *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Rushing must submit the amended complaint on a Court-provided form, and the amended complaint must comply with Federal Rules of Civil Procedure 8 and 10.  Rule 8 requires Rushing to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each assertion be simple, concise, and direct.  Rule 10 requires Rushing to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, Rushing must state the first and last name, to the extent he knows them, of each defendant he wishes to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Rushing should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.  The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, Rushing should begin by writing the first defendant's name.  In separate, numbered paragraphs under that name, Rushing should set forth the specific factual allegations supporting his claim or claims against that defendant.  Rushing should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Rushing may

4

choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Rushing is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.

Rushing should avoid naming anyone as a defendant unless that person is directly related to his claim. Rushing's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (finding claim not cognizable under section 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (finding respondeat superior theory inapplicable in section 1983 suits). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Rushing must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Rushing must not amend his complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. If Rushing fails to file an amended complaint on a Court-provided form within 30 days in accordance with the

5

instructions set forth herein, the Court may dismiss this action without prejudice and without further notice.

### III. Motion for appointment of counsel

Rushing has also moved for appointment of counsel.  Doc. 3.  In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Rushing has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims.  Additionally, this case appears to involve straightforward factual and legal issues, and nothing indicates that Rushing cannot investigate the facts and present his claims to the Court.  The motion is also premature as no defendant has been served with process and discovery has not begun.  The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

**IV.**     **Conclusion**

Accordingly, the Court grants Rushing's [2] Motion for Leave to Proceed in forma pauperis.  Further, the Court denies, without prejudice, Rushing's [3] Motion to Appoint Counsel.  Finally, the Court allows Rushing to amend his complaint.  The Clerk of Court must mail to Rushing two blank Prisoner Civil Rights Complaint forms. Rushing may request additional forms as needed.  Rushing must file an amended complaint in accordance with the instructions in this Order no later than December 15, 2023.  The Court advises Rushing that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.  If Rushing fails to timely comply with this Order, the Court may dismiss this action without prejudice and without further notice.

So ordered this 15th day of November 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE