UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAUN RUSHING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00200-SRC |
| | ) |
| CITY OF CAPE GIRARDEAU | ) |
| OFFICERS INVOLVED, | ) |
| | ) |
| Defendant. | ) |

### Memorandum and Order

Self-represented litigant Shaun Rushing originally sued the Cape Girardeau County Sheriff's Department. Doc. 1. Now, he amends his complaint, doc. 5, and moves, for the second time, both to proceed in forma pauperis, doc. 6, and for the appointment of counsel, doc. 7. As the Court previously granted Rushing leave to proceed in forma pauperis, doc. 4, the Court denies the second motion to proceed in forma pauperis as moot. Further, for the reasons discussed below, the Court dismisses this action under 28 U.S.C. § 1915 for failure to state a claim and legal frivolity. Finally, the Court denies Rushing's appointment-of-counsel motion as moot.

**I.    Background**

    **A.    Original filing**

Rushing originally filed this action on the Court's "Civil Complaint" form against the Cape Girardeau County Sheriff's Office. Doc. 1. Rushing indicated he was bringing this action on the basis of "Diverse of Gover[n]ment," "Right to Freedom," and "Right to Live." *Id.* at 3. His Statement of Claim alleged the following in its entirety:

> I was wrong [sic] handcuffed and wrestiled [sic]
> And, shot with a stun gun teezer [sic]
> High voltage
> wrongfully Arrested
> wrongfully shot teezered [sic]
> In human [sic] Treatment
> And more than 72 hours holding without frist [sic] appearance

*Id.* at 5.  Based on these allegations, it appeared Rushing wanted to bring a civil-rights action pursuant to 42 U.S.C. § 1983.  For relief, he sought monetary damages and a neck and knee brace. *Id.*

On November 15, 2023, the Court granted Rushing leave to proceed in forma pauperis, reviewed the complaint pursuant to 28 U.S.C. § 1915, and determined it could dismiss this action.  Doc. 4.  The Court explained that Rushing's claims against the Cape Girardeau County Sheriff's Department failed for two reasons:  (1) section 1983 does not allow suits against municipal departments, including local sheriff's departments; and (2) Rushing failed to name the individuals who allegedly wrongfully arrested him and applied excessive force.  *Id.* at 3–4.  However, in consideration of his self-represented status, the Court provided him with the opportunity to submit an amended complaint to cure his pleading deficiencies.  The Court provided detailed instructions on how to format his Statement of Claim and provide factual allegations. *Id.* at 4–6.  The Court warned him that failure to comply with the Court's instructions could result in the dismissal of this action without prejudice and without further notice.  *Id.* at 5–6.

**B.     Amended complaint**

Rushing timely filed an amended complaint.  Doc. 5.  Now, Rushing names the "City of Cape Girardeau Officers involved" as the sole defendant.  *Id.* at 1, 2.  He does not identify any specific individuals.  Like his original complaint, he states that he brings this action on the basis

of "Right to Freedom" and "Right to equality." *Id.* at 3. His Statement of Claim alleges the following in its entirety: "Was wrongfully Blocked out of property's [sic] and it has come in my way Many times really discomforted me." *Id.* at 5. For relief, he writes, "It has also bought [sic] trouble my way I have been placed and it played a roll [sic] I was not suppose [sic] to be arrested have many Injuries It played roll [sic]." *Id.*

## II.   Insufficiency of amended complaint

### A.  Legal standard on initial review

Federal law requires the Court to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court

3

should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording self-represented complaints the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

    **B. Discussion**

Having carefully reviewed the amended complaint, the Court dismisses this action for failure to state a claim and legal frivolity. The "City of Cape Girardeau Officers involved" is not a proper defendant. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (finding that section 1983 liability arises only upon a showing of "personal involvement" by defendant or a "sufficient causal connection" between defendant's "wrongful conduct and the constitutional violation." (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (1991)); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (determining that claim not cognizable under section 1983 when plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon*

*Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). The Court rejects and dismisses conclusory allegations that a group violated a constitutional right. *See e.g.*, *Bice v. Jordan*, 2010 WL 1187213, at *2 (E.D. Mo. Mar. 29, 2010) (dismissing "Nursing Staff" as improper defendant).

Here, section 1915(e)(2)(B) mandates the Court dismiss Rushing's claims against the "City of Cape Girardeau Officers involved." Rushing fails to identify any specific individuals who were personally responsible for a constitutional violation. Moreover, the allegations that he was "wrongfully Blocked out of property's [sic]" and should not have been arrested, are too conclusory and vague to pass the scrutiny of initial review under section 1915. The Court provided Rushing an opportunity to cure his pleading deficiencies, but he failed to do so.

### III.     Second motion for appointment of counsel

Rushing has filed a second motion for appointment of counsel. Doc. 7. Because the Court dismisses this action, the Court also denies Rushing's motion as moot. *See* 28 U.S.C. § 1915(e)(2)(B).

### IV.     Conclusion

Accordingly, the Court denies Rushing's [6] second motion to proceed in forma pauperis as duplicative. Further, the Court denies Rushing's [7] second motion to appoint counsel as moot. Finally, the Court dismisses this action, without prejudice, for failure to state a claim and legal frivolity. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal accompanies this

Memorandum and Order.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

So ordered this 30th day of November 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE